**Mendes Stanley BROWN, Petitioner—Appellant,**

v.

**Silvia GARCIA, Warden; California Department of Corrections, Respondents—Appellees.**

**No. 03–15438.**

**D.C. No. CV–01–3680–TEH.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Dec. 18, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Thomas Lundy, Santa Rosa, CA, for Petitioner–Appellant.

Gregory A. Ott, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

State prisoner Mendes Stanley Brown ("Brown") appeals the denial of his 28 U.S.C. § 2254(d)(1) habeas petition.[1] We review the district court's grant or denial of habeas relief de novo. *Evanchyk v. Stewart,* 340 F.3d 933, 939 (9th Cir. 2003). In doing so, however, we must observe the deferential standard for review of state court determinations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, the state court's determination is entitled to deference if it was not "contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court decision is contrary to clearly established federal law only "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003) (internal quotation marks omitted). Here, the California Court of Appeal in *People v. Brown*, 75 Cal.App.4th 916, 89 Cal.Rptr.2d 589 (1999), relied on *Castaneda v. Partida*, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977), to conclude that the state adequately rebutted the prima facie case of discrimination to defeat Brown's equal protection claim. *Brown*, 89 Cal. Rptr.2d at 594–98. Because the facts of Brown's case are "materially indistinguishable" from the facts in that case, the state court's reliance on *Castaneda* was neither contrary to nor an unreasonable application of *Castaneda*.

■ On Brown's due process claim, the state appellate court held that, even assuming that the duties of a grand jury foreperson under California law differ from those of the federal counterpart, Brown had failed to show that he suffered actual prejudice from the manner in which the foreperson was selected. *Brown*, 89 Cal.Rptr.2d at 599–600. This decision also was not an "unreasonable application" of or contrary to clearly established federal law, as set forth in *Hobby v. United States*, 468 U.S. 339, 345, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984).

Accordingly, the judgment of the district court denying Brown's petition for habeas corpus is

**AFFIRMED.**