**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Long Hoai THANH, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Quoc Thanh Nquyen, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Trai Duc Ngo, aka Duc, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Dzung Quoc Anh Nguyen, aka Dung Xo, Defendant—Appellant.**

of this circuit except as provided by Ninth Circuit Rule 36–3.

United States of America,
Plaintiff—Appellee,

v.

Tinh Huy Nguyen, aka Tim,
Defendant—Appellant.

Nos. 02–10337, 10252, 10339,
10345, 10346.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2004.

Decided June 9, 2004.

Kirby A. Heller, Esq., Department of Justice, Washington, DC, Eumi L. Choi, Elizabeth Dela Vega, Office of the U.S.

Attorney, San Jose, CA, for Plaintiff–Appellee.

Long Hoai Thanh, San Jose, CA, pro se.

Christopher Johns, Law Office of Christopher Johns, San Rafael, CA, Donald W. Searles, Esq., Fenwick & West LLP, Mountain View, CA, John J. Jordan, San Francisco, CA, Eb F. Luckel, Jr., Esq., Berkeley, CA, Eugene Illovsky, Esq., Morrison & Foerster, LLP, Walnut Creek, CA, for Defendant–Appellant.

Before: WALLACE, KOZINSKI, and THOMAS, Circuit Judges.

### MEMORANDUM *

Trai Duc Ngo (Ngo), Dzung Quoc Anh Nguyen (Dzung), Quoc Thanh Nguyen (Quoc), Tinh Huy Nguyen (Tinh), and Long Hoai Thanh (Thanh) appeal from their convictions for conspiracy to commit interstate transportation of stolen property (Count One), Hobbs Act conspiracy (Count Two), and carrying a firearm during and in relation to a crime of violence (Count Three). The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over the consolidated timely filed appeals pursuant to 28 U.S.C. § 1291. We affirm the convictions of Tinh and Thanh on all three counts. We also affirm the convictions of Dzung, Ngo, and Quoc on Counts Two and Three, but we reverse their convictions on Count One.

■ *Double Jeopardy.* Thanh and Dzung assert that their conspiracy convictions violate the Double Jeopardy Clause. The indictment and jury instructions on Count One invoke 18 U.S.C. § 371, the generic federal conspiracy statute, and require the jury to find that the defendants conspired to *transport* stolen goods in in-

terstate commerce in violation of 18 U.S.C. § 2314. Count Two, on the other hand, outlines the elements of 18 U.S.C. § 1951(a): conspiracy to obstruct interstate commerce by *robbery or extortion.* The conspiracy convictions do not offend the Double Jeopardy Clause because Counts One and Two invoke different statutory provisions and each provision requires proof of a fact which the other does not. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

■ *Jury Instructions.* There was no objection, so the question is whether the district court's jury instructions contain "plain error" which would require reversal. Although the preliminary oral instructions on Count One did not adequately inform the jury of the elements of a section 371 conspiracy, the district court later described the elements of a generic conspiracy and clarified that these elements apply to two distinct conspiracies under Counts One and Two. Our past decisions dictate that the district court did not commit plain error by failing to instruct the jury that the conspiracy counts require an "actual effect" on interstate commerce. *See, e.g., United States v. Rushdan,* 870 F.2d 1509, 1511–12 (9th Cir.1989) (holding that prosecutors may satisfy the Hobbs Act's interstate commerce jurisdictional prerequisite by showing that a conspiracy "scheme, *if successful,* would have affected commerce" (emphasis added)). Furthermore, we need not decide whether sections 371 and 1951(a) require evidence of an overt act, because any potential error arising from this omission was harmless here: the verdict form required the jury to identify overt acts for Count One,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and the acts identified by the jury satisfy both Count One and Count Two. *See Evanchyk v. Stewart,* 340 F.3d 933, 940 (9th Cir.2003) ("Although it is a due process violation for jury instructions to omit an essential element of a crime, that is a type of error which is subject to harmless error review.").

■■■ *Vouching.* Dzung, Thanh, and Tinh claim the district court committed plain error by failing to declare a mistrial in response to instances of alleged prosecutorial vouching. Agent Hinkle's statements were not *prosecutorial* vouching because the defense elicited them on cross-examination. *See United States v. Wills,* 88 F.3d 704, 713 (9th Cir.1996) (rejecting a vouching claim "where the challenged testimony occurred in response to defense cross-examination"). The government did not vouch for witnesses by eliciting testimony concerning the truth-telling provisions of their plea agreements, because this testimony was offered as a proportional "response to attacks on the witness[es'] credibility because of the plea agreement." *United States v. Wallace,* 848 F.2d 1464, 1474 (9th Cir.1988). The alleged vouching in the government's summation was brief and episodic, apparently unintentional, and "did not, when taken in the context of the entire trial, materially affect the jury's ability to judge the evidence impartially." *United States v. Parker,* 241 F.3d 1114, 1120 (9th Cir.2001) (internal citations, quotation marks, and brackets omitted). In short, none of these instances of alleged vouching requires reversal.

■■■ *Sufficiency of the Evidence.* Dzung, Ngo, and Quoc contend that the government presented insufficient evidence to convict them. We review de novo. We start with Count Two. Witness-accomplices Huy Nguyen and Thach Tran testified that Dzung, Ngo, and Quoc were present at planning meetings, participated in the actual robbery of Oki Semiconductor, and received between $50,000 and $100,000 for their assistance in the robbery. None of the three defendants disputes the *existence* of a conspiracy to rob Oki Semiconductor, and the evidence establishing their link to the Hobbs Act conspiracy was not facially incredible or insubstantial. We conclude, therefore, that the evidence was sufficient to support their convictions on Count Two. *See United States v. Antonakeas,* 255 F.3d 714, 723 (9th Cir.2001) ("[O]nce the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy." (internal citation omitted)); *United States v. Leung,* 35 F.3d 1402, 1405 (9th Cir.1994) ("[W]hen a jury is informed of the possible challenges to a witness' credibility and nevertheless believes the witness, the reviewing court should not upset the jury's credibility determination.").

■■■ The problem is whether the evidence was sufficient to convict Dzung, Ngo, and Quoc on Count One. Even construing the record in the light most favorable to the prosecution, a rational trier of fact could not find beyond a reasonable doubt that the three crew members knew of, or participated in, the conspiracy to transport stolen property in interstate commerce. Dzung, Ngo, and Quoc might have played key roles in the Oki robbery, but the record does not establish that they were "at the core" of the conspiracy to transport the stolen property, *United States v. Bibbero,* 749 F.2d 581, 588 (9th Cir.1984), nor does it permit the inference that they otherwise "had reason to know" that their co-conspirators had transported or would transport stolen property in in-

terstate commerce, *Antonakeas,* 255 F.3d at 723.

■ *Exculpatory Evidence.* Quoc contends that the district court abused its discretion by excluding evidence that his brother, Quyen Thanh Nguyen (Quyen), participated in a separate robbery involving members of the Oki robbery conspiracy. Quoc has produced no evidence, let alone substantial evidence, that "directly connect[s]" Quyen to the Oki robbery's "actual commission," *Walters v. McCormick,* 122 F.3d 1172, 1177 (9th Cir.1997), and the similarities between the two robberies were not sufficiently " 'peculiar, unique, or bizarre' ... to constitute a personal signature" satisfying Federal Rule of Evidence 404(b), *United States v. Perkins,* 937 F.2d 1397, 1400–01 (9th Cir.1991).

■ *Motion for Severance and Mistrial.* Ngo's severance motion was not renewed at the close of the government's case, so he must show plain error in the district court's denial of his motion for severance and show abuse of discretion for denial of his motion for a mistrial. The evidence did not directly link Ngo to the home invasion robbery, and he has not shown that the district court's cautionary instructions were insufficient to cure any potential prejudice. *See United States v. Nelson,* 137 F.3d 1094, 1108 (9th Cir.1998) (explaining that a defendant "seeking severance based on the 'spillover' effect of evidence ... must ... demonstrate the insufficiency of the limiting instructions given by the trial judge" (internal citation omitted)).

■ *Sidebar Conferences.* The district court did not violate Ngo's constitutional and statutory rights to be present at every critical stage of the trial. Ngo "was, in fact, physically present throughout the trial, which is all that Rule 43 and the Sixth Amendment ... require. Any greater 'right to be present' was effectively waived by [his] failure to request it." *Egger v. United States,* 509 F.2d 745, 747 (9th Cir. 1975).

■ The court reporter's failure to preserve a written record of all sidebar conferences during the trial does not require reversal here, because Ngo "has not pointed to any specific prejudice he has suffered from the alleged errors in the transcripts." *United States v. Anzalone,* 886 F.2d 229, 232 (9th Cir.1989).

*Newly Discovered Evidence.* There was no abuse of discretion because Ngo has not shown that his newly presented evidence (1) was material, (2) could not have been discovered earlier with reasonable diligence, and (3) would likely produce an acquittal. *United States v. McKinney,* 952 F.2d 333, 335 & n. 3 (9th Cir.1991).

In conclusion, we REVERSE the convictions of Dzung, Ngo, and Quoc on Count One, and we AFFIRM the remaining convictions.