**Charles Dapula BLOCK, Petitioner—Appellee,**

v.

**A.A. LAMARQUE, Warden Respondent—Appellant.**

No. 03–55820.
D.C. No. CV–01–06344–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided Aug. 4, 2004.

Charles Dapula Block, Soledad, CA, pro se.

Darlene M. Ricker, Attorney at Law, Malibu, CA, for Petitioner–Appellee.

David F. Glassman, Jaime L. Fuster, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellant.

Before KOZINSKI, SILVERMAN, Circuit Judges, and WEINER, Senior Judge.*

MEMORANDUM**

Warden LaMarque appeals the district court's grant of the writ of habeas corpus. The district court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of the writ de novo. *Evanchyk v. Stewart,* 340 F.3d 933, 939 (9th Cir.2003).

The admission into evidence of Barnum's statements to the police inculpating Block was contrary to clearly established Supreme Court law. *See Bruton v. United States,* 391 U.S. 123, 126–27, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Because the California Court of Appeal did not consider the effect of these statements without regard to cautionary instructions, as required by *Bruton,* its harmless error analysis was also contrary to clearly established Supreme Court law. 391 U.S. at 128; *Lockyer v. Andrade,* 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

We agree with the district court that Barnum's improperly admitted statements "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)) (internal quotation marks omitted). The jury reached its verdict almost immediately after Barnum's statements were reread during the deliberations, and the Court of Appeal failed adequately to consider this important indication of the role that admission of the statements played in Block's conviction. Furthermore, the properly admitted evidence was not so strong and unimpeachable as to render harmless the admission of Barnum's damning statements. *See Whelchel v. Washington,* 232 F.3d 1197, 1208 (9th Cir.2000); *cf. Bartlett v. Alameida,* 366 F.3d 1020, 1024 (9th Cir.2004) (per curiam) (granting the writ where erroneous instruction broke a declared jury deadlock).

**AFFIRMED.**

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.