Michael A. SHARP, Petitioner—Appellee,

v.

James BLODGETT, Superintendent, WCC, Respondent—Appellant.

Michael A. Sharp, Petitioner—Appellant,

v.

James Blodgett, Superintendent, WCC, Respondent—Appellee.

Nos. 03–35377, 03–35378.

D.C. No. CV–00–00323–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2004.

Decided Sept. 30, 2004.

---

James E. Lobsenz, Carney Badley Smith & Spellman, P.S., Seattle, WA, for Petitioner–Appellee.

John Joseph Samson, Christine O. Gregoire, AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellant.

Before PREGERSON, FERGUSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

The State of Washington appeals the district court's grant of Michael Sharp's habeas petition on grounds of ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm the district court's grant of the writ.

### I

As the parties are familiar with the facts and procedural history, we recite them only to the extent necessary to explain our analysis.

Sharp was charged with two counts of rape of his daughter. The state court conducted a pretrial hearing to determine whether the child was competent to testify and determined that she was not. The court, however, concluded that all of the child's out-of-court statements to her mother, the psychologist, a police officer and a teacher bore adequate indicia of reliability and therefore were admissible through the testimony of these individuals.

Sharp's counsel sought to present evidence that the mother previously had made false accusations against her prior husband of sexually molesting their son, had accused her own father of abusing her, and had assisted her day-care provider in making a child-abuse accusation against her husband. The trial court reviewed in camera sealed files from prior cases concerning the wife's former husband and the day-care provider and held that the evidence was not admissible because there was (a) insufficient evidence of a common plan or scheme, (b) insufficient evidence

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the prior accusations were false, and (c) risk of confusion, prejudice and delay. The trial judge noted, however, that the prior accusations might be admitted regardless of their truth or falsity to show suggestibility.

The trial proceeded. The prosecution offered no physical evidence of abuse against Sharp. The wife and others testified as to the child's out-of-court statements and their observation of the child's behavior. Sharp's counsel did not present any evidence of the mother's prior accusations. The jury found Sharp guilty of two counts of rape of a child in the first degree.

Sharp obtained new counsel and filed a motion for a new trial alleging that his trial counsel had been ineffective in failing to present the hypersensitivity theory suggested by the trial judge and in failing to seek greater latitude on cross-examining the wife after the prosecution had opened the door to evidence of past accusations.

The trial judge granted the motion for a new trial and entered amended findings of fact and conclusions of law. The State of Washington appealed the trial court's grant of Sharp's motion for new trial. The Washington Court of Appeals reversed in an unpublished order. Sharp's petition for review in the Washington Supreme Court was denied without comment.

Sharp then filed a habeas petition in the United States District Court for the Western District of Washington, raising five grounds for relief. A magistrate issued a report recommending that a writ be granted on the ground of ineffective assistance of counsel. After reviewing objections, the district court agreed with the magistrate and granted the habeas petition on Sharp's claim that he was denied effective assistance of counsel.

The State has appealed the district court's grant of the habeas petition and Sharp has cross-appealed seeking relief on the issues raised in his habeas petition on which the district court did not grant relief.

## II

Sharp's habeas petition is subject to the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241–55. Under the AEDPA, a federal court may

> only reverse a judgment of the state that was adjudicated on the merits if the state's decision was based on an objectively unreasonable determination of the facts in light of the evidence presented in the state court proceeding, ... or if the state court's decision was contrary to, or involves an unreasonable application of, clearly established Federal law as determined by the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.

*Collins v. Rice,* 365 F.3d 667, 676 (9th Cir.2004) (citations and quotation marks omitted). Furthermore, the state court decision is entitled to the benefit of any doubt. *Brodit v. Cambra,* 350 F.3d 985, 987 (9th Cir.2003) (citing *Woodford v. Visciotti,* 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)).

This court reviews the district court's decision to grant habeas corpus relief de novo, *Evanchyk v. Stewart,* 340 F.3d 933, 939 (9th Cir.2003), and its findings of fact for clear error. *McClure v. Thompson,* 323 F.3d 1233, 1240 (9th Cir.2003).

## III

We agree with the district court that the state appellate court's reversal of the trial court's grant of a new trial was based on

an objectively unreasonable determination of the facts. In particular, the appellate court failed to recognize that evidence of the mother's prior accusations of child-sexual abuse by others would have had a substantial impact on the jury, regardless of the truthfulness of the allegations.

The appellate court's reasons for dismissing the probable impact of the evidence are not well taken. It suggested that unintentional coaching would not have explained the detailed statements offered by the mother, that the State would have been entitled to prove the prior accusations were true, and that evidence showing that the prior accusations were true would have bolstered the mother's credibility.

As noted by the district court, these arguments are for the most part speculation and contrary to the opinion of the trial judge, who had the benefit of observing the witnesses and the jury. A review of the record shows that the mother was a competent, intelligent, articulate, thorough, and believable witness. Her detailed recitation of her daughter's out-of-court statements painted a vivid picture of sexual abuse by Sharp. It seems irrefutable that any trier of fact would have been very interested in evidence that the mother had previously made allegations of child sexual-abuse against a former husband and possibly others.[1] The appellate court

failed to appreciate that such evidence, regardless of the truthfulness of the prior accusations, raises questions as to how the mother processed what she thought she heard her daughter say. The potential impact of the proffered evidence is heightened by the facts that there was no physical evidence against Sharp and that he denied the charges. We are constrained to find that this record does not support the appellate court's determination of no prejudice.[2]

## IV

The Supreme Court has stated that "the benchmark" for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There are two components to the test: (1) whether counsel's performance was deficient; and (2) if so, were the errors "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. To show ineffectiveness, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate preju-

1. The evidence would include not only what the mother might testify to on cross-examination, but testimony from others who had heard her prior accusations of child-sexual abuse against others.

2. The State argues that the appellate court held that the hypersensitivity theory constituted a novel scientific theory and, accordingly, the evidence was not admissible. A review of the record, however, shows that the appellate court, apparently sua sponte, only suggested that theory might constitute "novel scientific evidence." Again, the record does not support this suggestion. The approach recommended by the trial judge was not an esoteric

scientific theory, but the straight-forward observation that the mother's prior allegations of sexual abuse may have unintentionally colored her perspective. The district court noted:

[i]f evidence suggesting that the child victim's mother saw sexual abuse everywhere had been presented to the jury, defense counsel probably could have made the hypersensitivity argument in closing without the aid of expert psychiatric opinions. Such arguments are generally within a lay person's ken and, while an expert's testimony would be helpful, it may not have been required.

dice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Furthermore, a defendant must satisfy both prongs in order to prevail. *Brodit,* 350 F.3d at 992.

We agree with the trial court and the district court that Sharp's counsel was ineffective. Before opening statements, counsel had lost two critical issues: the daughter's hearsay statements had been deemed admissible, and counsel had been barred from showing that the mother's prior accusations were false. Under these circumstances, it was objectively unreasonable for trial counsel not to have understood and considered the trial judge's suggestion that the mother's prior accusations could be admitted on a hypersensitivity theory, regardless of their truth or falsity. This is not an instance where trial counsel failed to come up with a creative theory, but an instance where trial counsel rejected the life preserver thrown by the trial judge. The record supports the district court's determination that counsel's performance was deficient.

The record also supports the conclusion that the deficiency was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." The district court noted:

> Petitioner's trial turned on the credibility of statements made by a small child who never testified. The child was ruled incompetent to testify, so her statements were presented to the jury through the people with whom she interacted, the most important of whom was her mother, ... At trial, [the mother] was the first, primary, and most prominent source of the key hearsay statements that were allowed into evidence under the state child hearsay exception.... [The mother] was the first to

suspect abuse, the first to question the child about abuse, and the first to report the child's accusations against petitioner. It was absolutely necessary for the defense to establish that the mother influenced the child into falsely accusing petitioner, either as part of a conscious scheme or as the unintentional result of the mother's hypersensitivity, and that the mother had the means to coach the child so that she would repeat the false accusations to other people. By failing to understand and act upon the trial court's suggestion, defense counsel completely missed an opportunity to challenge the credibility of the child hearsay statements. This failure was not the type of tactical decision that is protected from Sixth Amendment challenge under *Strickland:* rather, counsel simply failed to understand the trial court's suggestion until it was too late. The failure to pursue a theory that would have enabled counsel to challenge a crucial witness' credibility was "so serious as to deprive the defendant of a fair trial." *Strickland,* 466 U.S. at 687.

We agree with the district court that counsel's performance was not objectively reasonable and that it prejudiced the defense.

## V

The district court's grant of the writ on the ground of ineffective assistance of counsel is affirmed. The state appellate court's determination—that there was insufficient evidence that the mother's prior accusations of child-sexual abuse would have produced in a different result—was an objectively unreasonable determination of the facts in light of the evidence presented in the trial court. We also find that Sharp's trial counsel's performance was deficient and that there is a reasonable probability that, but for her ineffective-

ness, the results of the proceedings would have been different.

Because we affirm the district court's grant of the writ on the ground of ineffective assistance of counsel we need not, and do not, consider the additional grounds for relief set forth in Sharp's cross-appeal.[3]

The district court's order granting the petition for writ of habeas corpus is **AFFIRMED**.

---

**3.** We thank counsel for promptly briefing the possible impact of the Supreme Court's opinion in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *Crawford's* impact on this case, if any, can be raised in the state court following the issuance of the writ.

