**Aaron BORRERO, Petitioner—Appellant,**

v.

**Gary FLEMING, Respondent—Appellee.**

No. 04–35757.

D.C. No. CV–03–03907–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided Aug. 5, 2005.

Suzanne Lee Elliott, Law Offices of Suzanne Lee Elliott, Seattle, WA, for Petitioner–Appellant.

Christine O. Gregoire, Alex A. Kostin, AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

### MEMORANDUM *

Borrero appeals from the district court's judgment denying his habeas petition filed

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the district court's denial of habeas corpus relief de novo, *see Handa v. Clark,* 401 F.3d 1129, 1132 (9th Cir.2005), and we affirm.

Like the district court, we interpret the Washington Supreme Court's opinion as assuming that the erroneous jury instruction on accomplice liability presented a constitutional error, but holding that the error was harmless. Borrero may not obtain habeas relief unless the state court's rejection of his claim on harmless error grounds "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Medina v. Hornung,* 386 F.3d 872, 878–79 (9th Cir. 2004) (affirming denial of habeas relief because state court's "harmless error analysis was neither contrary to, nor an unreasonable application of, clearly established federal law").

■ Borrero challenges two aspects of the state court's decision. First, he argues that the instructional error was "structural" and therefore required automatic reversal. However, "[a]lthough it is a due process violation for jury instructions to omit an essential element of a crime, that is a type of error which is subject to harmless error review." *Evanchyk v. Stewart,* 340 F.3d 933, 940 (9th Cir.2003), *citing Neder v. United States,* 527 U.S. 1, 8–11, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The state court's decision that the error was "non-structural" and subject to harmless error analysis was therefore not "contrary to," or an "unreasonable application of," clearly established Supreme Court law.

■ Second, Borrero contends that even if harmless error analysis applies, the state court's decision that the error was harmless was "contrary to" or an "unreasonable application" of *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The state court's decision was not "contrary to" *Chapman.* The court held that "the erroneous accomplice liability instruction was harmless because it did not relieve the State of its burden to prove every element of the crimes charged beyond a reasonable doubt." This state law harmless error test appears to be functionally equivalent to the *Chapman* "harmless beyond a reasonable doubt" test. *See State v. Brown,* 147 Wash.2d 330, 58 P.3d 889, 896 (2002) (en banc). Thus, "[a]lthough the [state court] did not identify *Chapman* as the guiding point of its harmless error analysis, it applied a state-law ... standard that comports with federal law. Neither did the decision conflict with any materially indistinguishable Supreme Court cases." *Medina,* 386 F.3d at 878 (citation omitted).

■ The state court's decision also was not an "unreasonable.application" of *Chapman.* The instructional error would harm Borrero only if the jury convicted him of kidnaping and attempted murder based on a finding that he was an accomplice to the uncharged crimes of robbery and assault, rather than a finding that he was an accomplice to the charged crimes. However, Borrero did not present any evidence or argument to support the theory that, although he might have been an accomplice to the uncharged robbery and assault, he was not an accomplice to the charged kidnaping and attempted murder. Rather, his defense was that he had no involvement in either the uncharged crimes or the charged crimes. The fact that the jury found him guilty demonstrates that it disbelieved his defense that he had no involvement whatsoever, and accepted the

*of this circuit except as provided by Ninth* Circuit Rule 36–3.

State's theory that he participated in the entire course of criminal conduct. Thus, given the evidence and argument presented at trial and the jury's verdict, the Washington Supreme Court reasonably concluded that the jury found that Borrero was either a principal or accomplice to the charged crimes, and that the instructional error was therefore harmless.

Because the state court's decision was neither "contrary to," nor an "unreasonable application" of, *Chapman*, the district court correctly denied relief.

We discuss one further issue. During oral argument before us, Borrero's counsel represented that Borrero "had admitted to being an accomplice to the theft of the marijuana, to being a part of the plan to do that." Counsel also made four other similar statements during oral argument. Because we could not find anything in the district court record supporting these representations, we issued an order directing Borrero's counsel to "provide a copy of the transcript where the testimony occurs." Counsel then filed an 87–page transcript of Borrero's testimony from his state court trial, without identifying the portions that supported counsel's assertions. Because we were unable to find any testimony supporting counsel's assertions in the filed transcript, we issued a second order directing counsel to "provide a copy of those portions of the record of Borrero's state court trial that substantiate those assertions," along with a "letter specifically directing the court to the relevant page and line numbers." Counsel then filed a letter conceding that Borrero "[did] *not* admit to being a part of a conspiracy to rob the victim of [the] marijuana." Counsel apologized for failing to be "more careful in reviewing the record before argument."

We express our disapproval of counsel's performance. Borrero's theory of the case was a central issue in this appeal, and counsel should not have made representations at argument regarding that issue unless she was sure that her statements were supported by the record. At the very least, counsel should have informed the court that Borrero's testimony did not support her assertions when she responded to the first order to produce. Counsel's lack of diligence has caused the court to expend unnecessary resources and delayed our disposition of this appeal.

**AFFIRMED.**