NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CARLOS HERNANDEZ,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>MATTHEW CATE, Secretary CDCR;<br>ATTORNEY GENERAL FOR THE<br>STATE OF CALIFORNIA,<br><br>               Respondents - Appellees. | No. 12-55387<br><br>D.C. No. 3:10-cv-02360-WQH-BLM<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 6, 2013
Pasadena, California

Before: THOMAS and HURWITZ, Circuit Judges, and BEISTLINE, Chief
District Judge.**

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      **    The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

California state prisoner Carlos Hernandez appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

**1.** Hernandez argues that the California Court of Appeal unreasonably held that he was not entitled to a jury instruction on the effect of a reasonable but mistaken belief that the victim had consented to sexual conduct. *See People v. Mayberry*, 542 P.2d 1337, 1345 (Cal. 1975). Applying the deferential review required in habeas corpus proceedings, we cannot conclude that the decision by the Court of Appeal that the requested instruction was not supported by the evidence was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1), (2).

**2.** The jury found that Hernandez committed an offense "during the commission of a burglary . . . with intent to commit [a sex crime]." Cal. Penal Code § 667.61(d)(4). The jury was instructed that it must decide "whether for each crime the People have proved the additional allegation that the defendant committed the crime during the commission of a burglary, with the intent to commit Sodomy by Use of Force and/or Forcible Rape." Hernandez argues that the instruction violated his

due process rights because it did not require the jury to agree unanimously which sex offense he intended to commit when he illegally entered the victim's home.

However, "[s]ubmitting a multi-theory crime to the jury without requiring unanimity on any one predicate theory is not a constitutional violation." *Evanchyk v. Stewart*, 340 F.3d 933, 937 n.1 (9th Cir. 2003) (citing *Schad v. Arizona*, 501 U.S. 624, 644-45 (1991)). The underlying crimes that trigger the allegation here are not "so disparate as to exemplify two inherently separate offenses." *Schad*, 501 U.S. at 643.

**AFFIRMED.**