

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD JOSEPH BERRY, | No. 14-17074 |
| Petitioner - Appellant, | D.C. No. 2:10 cv-00305 JKS |
| v. | |
| FRANCISCO JACQUEZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

Before:    TASHIMA and W. FLETCHER, Circuit Judges, and
GETTLEMAN,[**] Senior District Judge.

Donald Berry appeals the district court's dismissal of his 28 U.S.C. § 2254

petition for a writ of habeas corpus challenging his California state court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

conviction for second-degree murder. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

Berry's charges arose from a violent altercation that led to the death of his live-in girlfriend, Lorraine Wine. The trial court instructed the jury on the felony-murder rule, even though Berry's other charged offenses – infliction of corporal injury on a cohabitant and assault with a firearm – cannot serve as predicate felonies for felony murder under California's merger doctrine. *See People v. Chun*, 203 P.3d 425, 443 (Cal. 2009). Berry contends that the instruction violated his right to due process and that trial counsel was ineffective for failing to object to the instruction. When examining an allegedly erroneous jury instruction in a habeas proceeding, an appellate court first considers whether the error amounted to constitutional error. *Dixon v. Williams*, 750 F.3d 1027, 1032 (9th Cir. 2014). If the error was constitutional in nature, "the court then considers whether the error was harmless." *Evanchyk v. Stewart*, 340 F.3d 933, 939 (9th Cir. 2003) (citation omitted).

"Due process requires that jury instructions in criminal trials give effect to the prosecutor's burden of proving every element of the crime charged beyond a reasonable doubt." *Townsend v. Knowles*, 562 F.3d 1200, 1209 (9th Cir. 2009) (citation omitted), *abrogated on other grounds by Walker v. Martin*, 562 U.S. 307

2

(2011).  By allowing the jury to convict Berry for murder based on a finding that the death occurred during the commission of a felony dangerous to human life, the instruction obviated the jury's need to find malice before convicting Berry of second-degree murder.

However, any error was harmless under the governing *Brecht* test because Berry cannot establish "actual prejudice." *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  The jury made other, non-murder findings that were not affected by the felony-murder instruction.  Specifically, the jury found Berry guilty of infliction of corporal injury and assault with a firearm and found true the special allegations that Berry personally used a firearm and inflicted great bodily injury in the commission of these felonies.  The jury also found true the special allegation that Berry personally used a shotgun in the commission of the murder.  These findings, coupled with the specific facts of this case, establish that the jury necessarily found that Berry acted with conscious disregard for Wine's life.

Because the jury found implied malice, the potential harm posed by the felony-murder instruction never materialized.  Any error was therefore harmless, and Berry's due process claim fails.  For the same reason, Berry cannot demonstrate the requisite prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984); thus, his ineffective assistance of counsel claim also fails.  *See*

3

*Shackleford v. Hubbard*, 234 F.3d 1072, 1080 (9th Cir. 2000) ("We need not consider whether Shackleford's counsel's representation fell below an objective standard of reasonableness because, in light of our foregoing [due process] analysis, Shackleford cannot show prejudice.").

Berry has also briefed two other issues not encompassed by the certificate of appealability ("COA"): (1) A due process claim based on the "mutual combat" jury instruction, which Berry contends prevented the jury from properly considering self-defense; and (2) An ineffective assistance of counsel claim based on counsel's failure to exclude testimony covered by the attorney-client privilege, failure to exclude evidence of prior domestic violence, and placing Berry's brother on the stand. When an appellant includes uncertified issues in his opening brief, we construe such argument as a motion to expand the COA. *See* Ninth Cir. R. 22-1(e). After examining the issues and supporting argument, we conclude that Berry has not made the "substantial showing of the denial of a constitutional right" required by 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (stating that applicant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"). The motion to expand the COA is **denied.**

The judgment of the district court is **AFFIRMED.**

4