IN THE SUPREME COURT OF THE STATE OF ARIZONA
En Banc

| | | |
|---|---|---|
| MICHAEL EVANCHYK, | ) | Arizona Supreme Court |
| | ) | No. CV-01-0358-CQ |
| Petitioner, | ) | |
| | ) | United States District Court |
| V. | ) | No. CIV-00-09-TUC-WDB |
| | ) | |
| TERRY L. STEWART, et al., | ) | |
| | ) | **O P I N I O N** |
| Respondents. | ) | |
| | ) | |

Certified Questions from
United States District Court for the District of Arizona
The Honorable William D. Browning, Judge

QUESTIONS ANSWERED

Pima County Public Defender                                                      Tucson
        By:     Susan A. Kettlewell
                Brian X. Metcalf
Attorneys for Petitioner

Janet A. Napolitano, Arizona Attorney General                                    Phoenix
        By:     Randall M. Howe, Chief Counsel
                Criminal Appeals Section
        and     Diane M. Ramsey, Assistant Attorney General
Attorneys for Respondents

FELDMAN, Justice

**¶ 1**        Michael Evanchyk filed a petition for writ of habeas corpus in the United States District Court for the District of Arizona. Seeking relief under 18 U.S.C. § 2254, Evanchyk named Terry L. Stewart, Director of the Arizona Department of Corrections, and others as Respondents ("the state," collectively). District Judge William D. Browning certified questions of Arizona law to this court. *See* Rule 27, Ariz.R.Sup.Ct. We accepted jurisdiction, ordered supplemental briefing, and heard oral argument.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶ 2**        In his certification order, the district judge adopted the facts from the court of appeals decision affirming Evanchyk's conviction. We do the same.

> [Evanchyk] was assaulted by another resident of his apartment complex, Dean Harris. Several days later, at about 1:30 a.m., [Evanchyk] banged on the window of Harris' apartment and said, "[C]ome out, we want to kill you." Throughout the rest of the day, [Evanchyk] and his friends, Dennis Vaillancourt, Carlos Ybarra, and Jack Olson, made several threats to Harris and his girlfriend Sonya Evans, and repeatedly said they wanted to "kick Dean's ass" for what he did to [Evanchyk].
>
> That evening, Evans answered the door of the apartment she shared with Harris and was accosted by Vaillancourt's girlfriend. Olson came in right behind her followed by Vaillancourt, Ybarra, and [Evanchyk], and knocked Harris down. One of them said, "we are here to hurt you." Harris ran into the bedroom and Olson, Ybarra, and [Evanchyk] followed, breaking the door down. After Vaillancourt separated the women, Evans went toward the bedroom and saw Olson run out. In the bedroom Evans saw Ybarra holding a baseball bat and [Evanchyk] putting his left arm around Harris and making a "jabbing motion" with his right arm. She immediately went to Harris and found blood on his chest. Harris died of multiple blunt and sharp force injuries, primarily a stab wound to the heart.

*State v. Evanchyk*, No. 2 CA-CR 94-0533, mem. dec. at 2-3 (filed April 23, 1996).

**¶ 3**        The state charged Evanchyk with first-degree murder, first-degree burglary, and conspiracy to commit murder. He and his accomplices were tried together in Pima County Superior Court. At the close of trial, the judge instructed the jury on first-degree murder (including both felony murder

2

and premeditation theories), second-degree murder, manslaughter, and burglary. Evanchyk was acquitted of first-degree murder and burglary but convicted of both conspiracy to commit first-degree murder and second-degree murder. He was subsequently sentenced to concurrent prison terms of twenty-five years for conspiracy and fifteen years for second-degree murder. The jointly tried codefendants were found guilty of burglary, conspiracy to commit first-degree murder, and first-degree murder. According to the verdict forms, eleven jurors based the first-degree murder conviction of one codefendant on felony murder only, while all twelve jurors based the other codefendant's conviction on felony murder only.[1]

¶ 4      Our court of appeals affirmed Evanchyk's convictions, finding there was substantial evidence to support the guilty verdict on the conspiracy charge, and we denied review by order dated September 30, 1996. In 1997, Evanchyk filed a petition for post-conviction relief under Rule 32, Ariz.R.Crim.P. He argued for the first time that he was convicted of a non-existent crime because Arizona law does not recognize the crime of conspiracy to commit first-degree murder when that murder is based on felony murder. He argued further that he had been denied effective assistance of trial counsel because his lawyer failed to challenge the validity of the conspiracy charge and that, for the same reason, he had been denied effective assistance of appellate counsel. The trial judge refused an evidentiary hearing, finding that Evanchyk had not raised a colorable claim of ineffective assistance, and summarily dismissed the petition. Evanchyk then sought review by the court of appeals. That court granted review but denied relief, holding that it "need not answer the theoretical question whether conspiracy to commit first degree murder may be based on felony murder because on [direct] appeal we concluded there was substantial evidence of an agreement among the co-defendants to murder the victim." *State v. Evanchyk (Evanchyk II)*, No. 2 CA-CR 97-0505, mem. dec. at 2 (filed August 4, 1998). In 1999, we denied Evanchyk's petition for review.

---

[1] First-degree murder is a single crime, and a defendant may be convicted even though some jurors base the conviction on premeditation and others on felony murder, but alternate verdict forms are recommended. *State v. Schad*, 163 Ariz. 411, 417, 788 P.2d 1162, 1168 (1989).

**¶ 5**    Evanchyk then filed the petition for writ of habeas corpus now pending in the district court. In that petition, he raised essentially the same claims he raised in *Evanchyk II*. Dismissing some of Evanchyk's arguments as falling outside the scope of federal habeas relief, the district judge nevertheless found that federal habeas relief might be available if Evanchyk were actually convicted of a crime that does not exist in Arizona. The judge noted that in essence, Evanchyk's claim is "that the jury was presented with two possible legal theories on which it could convict [Evanchyk] of conspiracy to commit first degree murder. As instructed, the jury could have convicted him on conspiracy to commit first degree *premeditated* murder or it could have convicted him on conspiracy to commit first degree *felony* murder." Order Certifying Question to Arizona Supreme Court, October 10, 2001, at 11 (emphasis in original). Thus, the district judge concluded, "before deciding whether habeas relief is warranted," the Arizona Supreme Court should "define the specific intent required for conspiracy to commit first degree murder." *Id*. This conclusion was based on the fact that the conviction must be set aside "when a jury returns a general verdict that 'is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected.'" *Id*. (quoting *Yates v. United States*, 354 U.S. 298, 312, 77 S.Ct. 1064, 1073 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141 (1978)).

**¶ 6**    With this factual and procedural background in mind, we turn now to the questions propounded by the district judge. We reformulate those questions as follows:

1.    Under Arizona law, may a defendant be convicted of conspiracy to commit first-degree murder when that conviction is based only on the commission of felony murder?

2.    Under Arizona law, if the defendant could be convicted of conspiracy to commit first-degree murder, must that defendant have possessed an intent to kill?

3.    Under Arizona law, may a defendant be convicted of conspiracy to commit first-degree murder if he had merely the requisite intent to commit the underlying felony?

4

**DISCUSSION**

¶ 7          In answering the questions propounded to us, we do not address the propriety or nature of the jury instructions given in Evanchyk's trial, the effect of such instructions when the *Yates* doctrine is applied, or the propriety of federal habeas relief. These are all questions for the district judge. We confine ourselves to answering the questions he asked.

¶ 8          We turn first to the elements of conspiracy. The statute reads, in part, as follows:

> A person commits conspiracy if, with the *intent* to promote or aid the commission of an offense, such person *agrees* with one or more persons that at least one of them or another person will engage in conduct constituting *the offense* and one of the parties commits an overt act in furtherance of the offense, except that an overt act shall not be required if the object of the conspiracy was to commit any felony upon the person of another, or to commit an offense under § 13-1508 or 13-1704.

A.R.S. § 13-1003(A) (emphasis added).

¶ 9          Thus, the crime of conspiracy requires *both* that the perpetrator have an intent to promote or aid commission of a specific offense and that he agrees with another person that the offense be committed. If the goal of the conspiracy is to commit murder, a class 1 felony according to A.R.S. § 13-1003(D),[2] no overt act is required. We have therefore held that the state must prove that the defendant had the "intent to promote the offense of murder and an agreement with another that one will do the actual killing." *State v. Willoughby*, 181 Ariz. 530, 545, 892 P.2d 1319, 1334 (1995); *see also State v. Arredondo*, 155 Ariz. 314, 317, 746 P.2d 484, 487 (1987); *State v. Ortiz*, 131 Ariz. 195, 205 639 P.2d 1020, 1030 (1981), *disapproved on other grounds by State v. Gretzler*, 135 Ariz. 42, 659 P.2d 1 (1983).

¶ 10          Given the elements of conspiracy — intent and agreement to commit the offense — logic would dictate that if the goal of the conspiracy is realized and a killing actually takes place, the conspiracy would necessarily have been to commit premeditated murder under A.R.S. § 13-1105(A)(1). Any agreement with another to kill a third person constitutes premeditation, the mental state that exists

_____

[2] Punishable by life imprisonment without possibility of parole for twenty-five years.

5

under Arizona law whenever the intention to kill "precedes the killing by a length of time to permit reflection." A.R.S. § 13-1101(1). But the crime of first-degree murder can be committed without premeditation if it occurs during the "course of and in furtherance" of any one of a number of enumerated felonies. *See* A.R.S. § 13-1105(A)(2). Proof of felony murder does not require an intent to commit the underlying felony. A.R.S. § 13-1105(B).

¶ 11     The core question presented here is whether one can be convicted of conspiracy to commit first-degree murder when the state does not prove that the killing was committed with premeditation but only that it occurred in the course and furtherance of committing one of the underlying felonies listed in A.R.S. § 13-1105(A)(2). Defendants in a number of Arizona cases have been convicted of both first-degree murder and conspiracy to commit first-degree murder. But none of these cases addressed the precise question certified to us. In at least two of our cases, the defendant was not only convicted of conspiracy to commit first-degree murder but convicted also of premeditated first-degree murder. *See, e.g.*, *Willoughby*, 181 Ariz. 530, 892 P.2d 1319; *State v. Apelt*, 176 Ariz. 349, 861 P.2d 634 (1993).

¶ 12     In *Willoughby*, citing A.R.S. § 13-1003(A), we concluded there was sufficient evidence to support a conviction for conspiracy, pointing out that the elements the state needed to prove "are intent [and] an agreement." 181 Ariz. at 540, 892 P.2d at 1329. We indicated that appellate courts "generally focus on the agreement element." *Id.* In *Apelt*, we upheld the conspiracy conviction, concluding the evidence showed prearrangement and thus justified the conclusion that the defendant and his brother not only killed but intended and premeditated the killing. 176 Ariz. at 360, 861 P.2d at 645. It therefore made no difference to the conspiracy count whether the defendant, his brother, or both actually committed the murder. *Id.*

¶ 13     Authority from other states is more specific. The California Supreme Court, for example, has held that when two or more persons conspire by agreeing to and intending to commit the target offense of murder, "each has acted with a state of mind 'functionally indistinguishable from the mental state of premeditating the target offense of murder.'" *People v. Cortez*, 960 P.2d 537, 542 (Cal. 1998) (quoting *People v. Swain*, 909 P.2d 994, 1002-03 (Cal. 1996)); *see also People v. Gilbert*, 455 N.W.2d

6

731, 735 (Mich.App. 1990) (essence of conspiracy "is a specific, mutual agreement to perform the crime in question"; the agreement thus involves advance planning to perform specific criminal act.).

¶ 14        The state does not quarrel with the proposition that intent and agreement to kill must be proven to convict of conspiracy to commit first-degree murder.  Relying on a felony murder case in which we found no error in the trial judge's instructions on "conspiracy as a ground of vicarious criminal responsibility," it argues that a defendant may be convicted of conspiracy to commit first-degree murder while committing only felony murder.  *See State v. Greenawalt*, 128 Ariz. 150, 168, 624 P.2d 828, 846 (1981).  This is correct, but only in part.  *Greenawalt* seems to confuse the separate crime of conspiracy with a defendant's responsibility as an accomplice.  In approving the conspiracy instruction, we stated that it was "no more than a re-statement of the criminal responsibility found in A.R.S. § 13-139, that is, if appellant encouraged, advised, or assisted" his codefendants and thus furthered the undertaking he had become a "participant conspirator."  *Id*. at 170, 624 P.2d at 848.  But A.R.S. § 13-139 dealt with principals and accessories to crimes and has since been repealed.  *See* 1977 Ariz. Sess. Laws ch. 142, § 2 (effective October 1, 1978)[3]  Finally, in *Greenawalt* we did not discuss the precise question presented here and found that the instruction given on conspiracy "added nothing" to the felony murder theory advanced by the state because the defendant was an accomplice who participated in the underlying felonies.  Thus, we concluded the instruction neither misled nor confused the jury.  128 Ariz. at 170, 624 P.2d at 848.  We have just recently clarified this by holding that premeditated murder is a specific intent crime so that a defendant cannot be convicted of it when the state proves only that he was only an accomplice to the underlying felony.  *State v. Phillips*, No. CR-99-0296-AP, slip op. at ¶¶ 37-43, (filed May 24, 2002).  Nor can the defendant be convicted of felony murder committed by a codefendant unless he was both an accomplice and a participant in the underlying felony.  *Id*. at ¶ 46.

¶ 15        We have held that responsibility as a conspirator is different from accomplice liability. One may be convicted as a conspirator on proof that he intended a specific act and agreed to promote

---

[3]  Greenawalt's crime was committed prior to the repeal.

or facilitate that act. *State ex rel. Woods v. Cohen*, 173 Ariz. 497, 499-500, 844 P.2d 1147, 1149-50 (1992). The state need not prove commission of the agreed-upon act. But the "fact that one can be [guilty] of conspiracy without committing the planned substantive offenses does not mean that one is also criminally responsible for the substantive offenses without being either an accomplice or principal to those offenses." *Id*. Thus, we rejected the so-called *Pinkerton* doctrine,[4] which holds a conspirator guilty for foreseeable crimes committed by his coconspirator in furthering the conspiracy even though he did not intend or agree on those crimes. *Id*. at 501, 844 P.2d at 1151.

¶ 16    Considering the statute and the case law, we must conclude that conspiracy to commit first-degree murder is a specific-intent crime and that to convict, the state must prove as elements that the defendant intended to kill and entered into an agreement with a coconspirator to commit the crime of murder. By definition, then, the defendant and his coconspirator would have premeditated the killing. Thus, if completed, and if accomplice liability is established, the defendant would be guilty of first-degree premeditated murder.

¶ 17    But the state's position is partially correct. To prove conspiracy to commit first-degree murder, the state is not required to prove that the defendant or his coconspirator committed any overt act to accomplish the conspiracy. A.R.S. § 13-1003(A). Thus, a defendant may be convicted of conspiracy to commit first-degree murder even though there is no overt act and no murder occurs. *Cohen*, 173 Ariz. at 499-500, 844 P.2d at 1149-50. It follows that so long as the intent and agreement to kill are proved, the defendant may be convicted of conspiracy to commit first-degree murder even though he or a coconspirator is convicted of nothing else or nothing more than second-degree murder, felony murder, or some lesser crime. Further, a defendant could be convicted of conspiracy to commit first-degree murder and of the completed crime of second-degree murder even though, under the facts of the case, the verdicts were inconsistent. *See, e.g.*, *State v. DiGiulio*, 172 Ariz. 156, 162, 835 P.2d 488, 494 (App. 1992) (upholding verdict for trafficking even though jury acquitted of theft); *State v. Zakhar*,

---

[4]    *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180 (1946).

105 Ariz. 31, 459 P.2d 83 (1969). Conversely, because conspiracy to commit first-degree murder cannot be proved without establishing that the defendant premeditated by forming an intent to promote or aid in killing and making an agreement to kill, proof that the defendant had no more than the requisite intent to aid, promote, or commit the underlying felony is insufficient to convict of conspiracy to commit first-degree murder.

## CONCLUSION

¶ 18        We therefore answer the questions as follows:

1.        Under Arizona law, a defendant may not be convicted of conspiracy to commit first-degree murder when that conviction is based only on the commission of felony murder.

2.        Under Arizona law, a defendant can be convicted of conspiracy to commit first-degree murder if the state proves the defendant possessed an intent to kill or to promote or aid in killing and made an agreement to kill. The state need not prove the completed offense nor, for that matter, any other offense.

3.        Under Arizona law, a defendant may not be convicted of conspiracy to commit first-degree murder if he had merely the requisite intent to commit the underlying felony.

_____
STANLEY G. FELDMAN, Justice

9

CONCURRING:

_____
CHARLES E. JONES, Chief Justice


_____
RUTH V. McGREGOR, Vice Chief Justice


_____
EDWARD C. VOSS, Judge*


_____
THOMAS A. ZLAKET, Justice (retired)


* Due to a vacancy on the court, pursuant to article VI, § 3 of the Arizona Constitution, the Honorable Edward C. Voss, Judge of the Court of Appeals, Division One, was designated to sit on this case.