172 P.3d 844

STATE of Arizona, Appellee,

v.

Rafael RIOS, Jr., Appellant.

No. 1 CA–CR 05–1091.

Court of Appeals of Arizona,
Division 1, Department E.

July 17, 2007.

Terry Goddard, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section, and Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James Haas, Maricopa County Public Defender, by Charles R. Krull, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

BROWN, Judge.

¶ 1 Rafael Rios, Jr. challenges his felony murder conviction, arguing that the trial court committed reversible error by instructing the jury that Rios could be convicted as an accomplice even if he was not present at the scene of the crime. Rios further contends that the court erred in refusing to instruct the jury that he could be liable for felony murder only if he was "both an accomplice and a participant" in the underlying attempted armed robbery. For the reasons set forth below, we affirm.

## BACKGROUND

¶ 2 The evidence at trial showed that Rios and some friends decided to rob a marijuana dealer. Rios arranged to meet the dealer for the ostensible purpose of buying two pounds of marijuana. Rios told his friends what to do. Rios approached the dealer's truck at the designated meeting place and time, and explained that he had been able to come up with only a portion of the purchase price. When the dealer informed Rios that he would not sell the marijuana for less than the agreed-upon price, Rios walked away from the truck. Rios' friends approached the truck and demanded that the dealer and his companion exit the truck. When the dealer acted like he was reaching for a firearm, one friend pulled out a gun and shot and killed the dealer. Rios was not with his friend by the truck at the time, but he was seen nearby immediately afterward.

¶ 3 A jury convicted Rios of two counts of attempted armed robbery and one count of first-degree felony murder. Rios filed a timely appeal, challenging only his conviction for felony murder, which was based on a theory of accomplice liability for the attempted armed robberies.

## DISCUSSION

¶ 4 Rios argues that the trial court committed reversible error by erroneously instructing the jury on the requirements for felony murder based on the theory of accomplice liability. Rios asked the trial court to instruct the jury that "[t]he defendant may not be convicted of felony murder unless he was both an accomplice and a participant in the underlying felony," in reliance on language in *Evanchyk v. Stewart*, 202 Ariz. 476, 480, ¶ 14, 47 P.3d 1114, 1118 (2002). The trial court denied the request, ruling that accomplice liability was all that was necessary for a felony murder conviction. Rios also objected to a proposed instruction that "[a] person absent from the scene of a crime is criminally accountable for the conduct of another if the absent defendant is an accomplice and the absent defendant has the culpable mental state required for the commission of the offense." The trial court overruled

this objection as well, noting that the instruction was a correct statement of the law.

¶ 5 We review jury instructions in their entirety to determine if they accurately reflect the law. *State v. Hoskins*, 199 Ariz. 127, 145, ¶ 75, 14 P.3d 997, 1015 (2000). "A party is entitled to an instruction on any theory of the case reasonably supported by the evidence." *State v. Shumway*, 137 Ariz. 585, 588, 672 P.2d 929, 932 (1983). The instructions, however, must not mislead the jury on the governing law. *State v. Noriega*, 187 Ariz. 282, 284, 928 P.2d 706, 708 (App. 1996). Because Rios' argument requires us to interpret and apply the felony murder and accomplice liability statutes, we apply a de novo standard of review. *State v. Cabanas–Salgado*, 208 Ariz. 195, 196, ¶ 11, 92 P.3d 421, 422 (App.2003).

¶ 6 Arizona law proscribes only those offenses targeted by the legislature or other legislative body and identified as crimes in the governing statutes and ordinances. Ariz. Rev.Stat. ("A.R.S.") § 13–103(A) (Supp.2006) (abolishing all common law offenses and providing that "[n]o conduct . . . constitutes an offense . . . unless it is an offense . . . under this title or under another statute or ordinance."); *see Vo v.Super. Ct.*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992) ("Arizona is a 'code state' as far as its criminal law is concerned."). Courts may not add elements to those that the legislature has identified in the statute defining the crime. *See State v. Miranda*, 200 Ariz. 67, 69, ¶ 5, 22 P.3d 506, 508 (2001).

¶ 7 In construing a statute, "the court first considers the statute's language because it is the best and most reliable evidence of the legislative intent." *State v. Jenkins*, 193 Ariz. 115, 119, ¶ 11, 970 P.2d 947, 951 (App. 1998) (internal quotes and citation omitted). "We will refrain from construing a statute to require something not within the plain intent of the legislature as expressed by the language of the statute." *State v. Affordable Bail Bonds*, 198 Ariz. 34, 37, ¶ 13, 6 P.3d 339, 342 (App.2000).

¶ 8 We hold the trial court did not err in refusing to instruct the jury that Rios could not be convicted of felony murder unless he

was a "participant" in the attempted armed robbery, and in instructing the jury that Rios could be convicted as an accomplice even if he was not present at the scene of a crime. Under A.R.S. § 13–1105(A)(2) (2001),[1] a person commits felony murder if "[a]cting either alone or with one or more other persons the person commits or attempts to commit . . . robbery under § . . . 13–1904 . . . and in the course of and in furtherance of the offense or immediate flight from the offense, the person or another person causes the death of any person." The only intent required for felony murder is the intent required to commit the underlying felony. A.R.S. § 13–1105(B) (2001).

¶ 9 Pursuant to A.R.S. § 13–303(A)(3) (2001), "[a] person is criminally accountable for the conduct of another if . . . [t]he person is an accomplice of such other person in the commission of an offense." The term "accomplice" is defined, in pertinent part, as follows:

> "[A]ccomplice" means a person . . . who with the intent to promote or facilitate the commission of an offense:
>
> 1.  Solicits or commands another person to commit the offense; or
>
> 2.  Aids, counsels, agrees to aid or attempts to aid another person in planning or committing the offense.
>
> 3.  Provides means or opportunity to another person to commit the offense.

A.R.S. § 13–301 (2001). To obtain a conviction for felony murder on the theory of accomplice liability, therefore, "[t]he state need only prove that defendant, either as a principal or as an accomplice, committed or attempted to commit robbery and that someone was killed in the course of and in furtherance of the robbery." *State v. Murray*, 184 Ariz. 9, 32, 906 P.2d 542, 565 (1995) (citing in part A.R.S. § 13–303(A)). The trial court gave an instruction that tracked the language of the felony murder statute and covered all essential elements of felony murder identified by the governing statute. *See* A.R.S. § 13–1105(A)(2). The trial court also

gave an instruction that tracked the accomplice liability statute. *See* A.R.S. §§ 13–301, 303(A)(3). Finally, the court properly instructed on the elements of attempt and of armed robbery. *See* A.R.S. §§ 13–1001(A) (attempt), –1902(A) (robbery), and –1904(A)(1)–(2) (armed robbery) (2001). This was all that was required under the express language of the governing statutes. *See Affordable Bail Bonds*, 198 Ariz. at 37, ¶ 13, 6 P.3d at 342.

¶ 10 The State was not required to also prove that Rios "was present at the scene" of, or a "participant" in, the attempted armed robbery, and the trial court was not required to instruct accordingly, because neither of these are elements of the charged offenses. One does not need to be present at the scene of a crime in order to be convicted as an accomplice: one can solicit another to commit the crime, provide the means to commit an offense, or command others to commit the crime, all from a location remote from the scene of the crime. *See, e.g., State v. Dickens*, 187 Ariz. 1, 7–8, 27, 926 P.2d 468, 474–75, 494 (1996) (affirming felony murder convictions of defendant who waited across the highway in a vehicle while another person robbed the victims at gunpoint and then killed them); *State v. Axley*, 132 Ariz. 383, 385, 394, 646 P.2d 268, 270, 279 (1982) (affirming felony murder conviction of defendant on evidence that defendant waited in the getaway car while his codefendant shot and killed attendant at laundromat in course of attempted robbery). Nor do the governing statutes impose an additional undefined requirement of "participation" in the underlying felony for a conviction of felony murder. *See* A.R.S. §§ 13–301, –303, –1105(A)(2). By statute, one who engages in any of the conduct outlined in the accomplice liability statutes, with the requisite mental state, is considered as liable as if he had personally committed the offense. *See* A.R.S. §§ 13–301, –303. To instruct the jury as Rios requested would have misled the jury on the elements of accomplice liability for felony murder, and the court correctly re-

---

1.  The statute was amended in 2002 and 2005 in parts not relevant to the issues raised. *See* A.R.S. § 13–1105 (Supp.2006).

fused to so instruct. *See Noriega*, 187 Ariz. at 284, 928 P.2d at 708.

¶ 11 We reject Rios' argument that our supreme court has ruled that a defendant must be both an accomplice and a "participant" in the underlying felony to be convicted of felony murder, and thus, by implication, must be "present" at the scene of the underlying felony offense. Rios relies primarily on the following language in *Evanchyk v. Stewart:* "[n]or can the defendant be convicted of felony murder committed by a codefendant unless he was both an accomplice and a participant in the underlying felony." 202 Ariz. at 480, ¶ 14, 47 P.3d at 1118 (citing *State v. Phillips*, 202 Ariz. 427, 437, ¶ 46, 46 P.3d 1048, 1058 (2002)). In *Evanchyk*, our supreme court held, in response to certified questions from the United States District Court for the District of Arizona, that "a defendant may not be convicted of conspiracy to commit first-degree murder when that conviction is based only on the commission of felony murder." 202 Ariz. at 481, ¶ 18, 47 P.3d at 1119. The court was not asked to decide, and did not decide, whether a conviction for felony murder based on accomplice liability required proof that the defendant was "both an accomplice and a participant in the underlying felony." *See id.* at 480–81, ¶¶ 14, 18, 47 P.3d at 1118–19. The issues in *Evanchyk* involved conspiracy liability, not accomplice liability. 202 Ariz. at 481, ¶ 18, 47 P.3d at 1119. Therefore, the passage in *Evanchyk* on which Rios relies is dicta, and not controlling precedent. *See Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 81, 638 P.2d 1324, 1327 (1981).

¶ 12 In any case, the reference in *Evanchyk* to a requirement that defendant be "both an accomplice and a participant in the underlying felony," in proper context, does not stand for the proposition that a defendant must be "present at the scene" of the commission of the underlying felony to be liable as an accomplice to felony murder. The supreme court made the statement in the context of distinguishing its ruling in *State v. Greenawalt*, 128 Ariz. 150, 624 P.2d 828 (1981), which had found no reversible error in a trial judge's instruction on conspir-

acy in a felony murder case. 202 Ariz. at 480, ¶ 14, 47 P.3d at 1118. The supreme court distinguished *Greenawalt* in part because the instruction given in *Greenawalt* had confused accomplice liability with the separate crime of conspiracy by describing the elements of liability of a "participant conspirator" in terms that supported the liability of "an accomplice who participated in the underlying felonies." *Id.* (citing *Greenawalt*, 128 Ariz. at 170, 624 P.2d at 848). In this context, the supreme court's suggestion that a felony murder conviction can lie only when the defendant is "both an accomplice and a participant in the underlying felony" appears to be simply a way of distinguishing conspiracy liability for first-degree murder, which requires proof that the defendant intended to kill and entered into an agreement to do so, *see* A.R.S. § 13–1003(A) (2001), from accomplice liability for felony murder, which requires both the intent to commit the underlying felony, and the active *participation* of a person in soliciting, planning, aiding, or providing the means to commit the underlying felony. *See Evanchyk*, 202 Ariz. at 480–81, ¶¶ 14–18, 47 P.3d at 1118–19; A.R.S. §§ 13–301, –303(A)(3), and – 1105(A)(2), (B). Our supreme court did not change the elements of the offense of felony murder based on accomplice liability in *Evanchyk*; it simply reasoned that a person can be convicted of felony murder committed by a codefendant if he is an accomplice to the underlying felony, but he cannot be convicted of conspiracy to commit first-degree murder if he has the intent only to commit the underlying felony. 202 Ariz. at 480–81, ¶¶ 14–18, 47 P.3d at 1118–19.

¶ 13 Moreover, the case which *Evanchyk* cites for this proposition, and on which Rios also relies, *State v. Phillips*, did not address whether a felony murder conviction could stand if a defendant was not present at, or a "participant" in, the underlying felony conviction. Instead, the particular paragraph cited by *Evanchyk* addresses prosecutorial misconduct, not felony murder. 202 Ariz. at 480, ¶ 14, 47 P.3d at 1118 (citing *Phillips*, 202 Ariz. at 437, ¶ 46, 46 P.3d at 1058).[2]

---

2. The discussion in *Phillips* of *participation* in an

underlying felony relates to the court's analysis

¶ 14 We also fail to see how the holding in *Phillips,* that accomplice liability for *premeditated* murder requires intent to facilitate or aid in committing the murder, provides support for the argument that an accomplice may not be convicted of *felony* murder unless he is present at the scene of the underlying felony and "participates" in that offense. In *Phillips,* the court reversed the defendant's *premeditated* murder conviction because the evidence failed to demonstrate that he had specific intent to aid in or facilitate the murder, but affirmed defendant's *felony* murder conviction because the evidence demonstrated that the murder was committed in furtherance of the underlying felony. 202 Ariz. at 435–37, ¶¶ 32–44, 46 P.3d at 1056–58. The court did not suggest in either of these holdings that the defendant's presence at the scene of the underlying felony, or "participation" in the underlying felony, was necessary for a conviction of felony murder based on accomplice liability. *See id.*

¶ 15 Rios' reliance on *State v. Rutledge,* 205 Ariz. 7, 66 P.3d 50 (2003), for the same proposition, is similarly misplaced. *Rutledge* expressly noted that the holding of *Phillips* with respect to accomplice liability did not apply because 1) Rutledge was convicted of felony murder, not premeditated murder; and 2) the evidence showed that Rutledge himself, not an accomplice, committed the crimes. *See id.* at 14, ¶ 40, 66 P.3d at 57. Because *Rutledge* did not address the requirements for accomplice liability for felony murder, it has no applicability to the issue raised by Rios in this case. *See id.*

¶ 16 In short, none of the cases cited by Rios stand for the proposition that a defendant must be present at the scene of, and participate in the underlying felony, to be convicted of felony murder based on the theory of accomplice liability. Nor do the governing statutes impose either of these requirements. The trial court did not err in refusing the request for an alternative jury instruction.

of factors justifying the death penalty. 202 Ariz. at 437–38, ¶ 49, 46 P.3d at 1058–59 ("death penalty may not be imposed for a felony murder conviction 'unless the defendant was a major

**CONCLUSION**

¶ 17 For the foregoing reasons, we affirm Rios' convictions and sentences.

CONCURRING: PHILIP HALL, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.

*participant* in the underlying felony and acted with reckless disregard for human life.' " (emphasis added) (citations omitted)).