**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EUGENE J. COFSKY,<br><br>  Petitioner - Appellant,<br><br>v.<br><br>CHARLES L. RYAN, et. al.,<br><br>  Respondents - Appellees. | No. 09-16189<br><br>D.C. No. 3:07-cv-08126-FJM<br>District of Arizona,<br>Prescott<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Submitted February 11, 2013**
San Francisco, California

Before:  FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

Arizona state prisoner Eugene J. Cofsky appeals the district court's denial of

his 28 U.S.C. § 2254 habeas petition challenging his conviction for conspiracy to

commit first-degree murder.  We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Arizona state courts' finding – that sufficient evidence supported Cofsky's conviction for conspiracy to commit first-degree murder – was not contrary to, or an unreasonable application of, clearly established federal law.[1] Neither the postconviction review court nor the Arizona Court of Appeals on direct review provided reasoning for their respective conclusions that sufficient evidence was presented to convict Cofsky of conspiracy to commit first-degree murder. Where a state court rules on the issue at hand, but does not supply reasoning for its decision, we "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) (internal quotation marks omitted). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Id.*

Under clearly established federal law, when considering a sufficiency of the evidence challenge, we ask "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). In other words, "whether, after viewing the evidence in the light most

_____

[1] Cofsky no longer challenges whether conditional intent is sufficient to show the specific intent needed to prove a conspiracy to commit first-degree murder. Accordingly, this argument is abandoned.

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Where conflicting inferences may be supported by the record, we presume "that the trier of fact resolved any such conflicts in favor of the prosecution, and [we] must defer to that resolution." *Id.* at 326. Moreover, "[a]fter AEDPA, we apply the standards of *Jackson* with an additional layer of deference." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005) (citing 28 U.S.C. § 2254(d)).

An independent view of the record demonstrates that neither state court decision finding sufficient evidence was objectively unreasonable. Considering the evidence presented against Cofsky in the context of the elements of the crime, *Juan H.*, 408 F.3d at 1275, and viewing that evidence in the light most favorable to the prosecution, Cofsky has not demonstrated that "*any* rational trier of fact could [not] have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. To the contrary, the record reflects sufficient evidence to allow any reasonable factfinder to find (1) intent to promote the murder of the corrections officer, and (2) an agreement between Cofsky and the other conspirators to kill the corrections officer if he resisted. *See Evanchyk v. Stewart*, 47 P.3d 1114, 1117 (Ariz. 2002) (en banc). Although evidence of Cofsky's involvement is circumstantial, considering the evidence of (1) Cofsky's known

3

involvement in the jailbreak planning, including his role of keeping track of the conspirator tasked with killing the guard if necessary, (2) the close proximity of events and physical evidence on Cofsky's property, and (3) Cofsky's appearance in the designated courtroom at the planned time, a reasonable factfinder could have concluded that Cofsky agreed to the jailbreak with the other conspirators and agreed that a corrections officer would be shot if necessary. Accordingly, we must uphold the jury's verdict.

**AFFIRMED.**