NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAELA CHRISTIAN, *Appellant*.

No. 1 CA-CR 22-0223
FILED 3-28-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202100140
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Kevin M. Morrow
*Counsel for Appellee*

Apfel Law Group, Phoenix
By Seth M. Apfel
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1 Michaela Christian appeals her convictions and sentences for burglary in the second degree, a class 3 felony and theft, a class 3 felony. She argues 1.) the theft charge was unconstitutionally duplicitous; 2.) the jury instructions were improper; and 3.) the court failed to conduct a hearing under *State v. Donald*, 198 Ariz. 406 (App. 2000). For reasons that follow, her convictions and sentences are affirmed.

### FACTUAL[1] AND PROCEDURAL BACKGROUND

¶2 On March 31, 2022, following a three-day trial, a jury convicted Christian of theft, a class 3 felony and burglary, a class 3 felony in relation to two properties – an apartment on Palisades Drive ("Apartment") and a house ("Clarke house"). Evidence presented at trial established that the property manager of the Apartment called the police in February 2021, following the discovery of an apartment under her care that had its door ajar for several days. When the police arrived, they noticed that "[e]verything was gone," including kitchen cabinets, ceiling fans, the kitchen sink, the water heater, the chandelier, vanities, countertops, the water softener, the dishwasher, and plumbing. The property manager estimated that the "fair market value" of the stolen fixtures was $5,000.

¶3 A witness identified Christian as the person that removed items from the Apartment and loaded them onto a truck. The witness also provided information to police that items loaded into the truck had been taken to a house owned by JS[2] – the Clarke house. Police confirmed that the registered owner of the truck was Christian. Officers later searched the

---

[1] The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to sustaining the verdicts. *State v. Fuentes*, 247 Ariz. 516, 520, ¶ 2 (App. 2019).

[2] We refer to the victim by her initials to protect her privacy. *See State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

Clarke house and found numerous fixtures that had been taken from the Apartment.

¶4        When officers spoke with Christian, she admitted that she had taken property from the Apartment but said that the tenant, who had been arrested a few weeks earlier and was in jail, had asked her to do so. Christian denied removing the fixtures, saying she took only the tenant's personal belongings and furniture. Christian also told the officers that she had a lease to rent the Clarke house, which she claimed was obtained from JS's husband. Christian further stated she had keys to the Clarke house and had placed the electricity in her name.

¶5        During a search of Christian's residence, officers found a partially completed, unsigned lease for the Clarke house. The lease contained an incorrect spelling of "Clarke," and a detective noted that it seemed to have been filled out by only one person. JS, the owner of the Clarke house, stated it had not been leased to anyone at the time and that no one had resided there since 2017. JS further stated she handled all matters related to the house and neither she nor her husband had given anyone permission to be there.

¶6        The police also recovered numerous items of personal property that had been taken from the Clarke house at Christian's residence, including JS's pill bottle, and some of JS's legal paperwork. The value of the stolen items totaled more than $12,000.

¶7        Prior to trial, the State motioned to amend the indictment on the theft charge from a class 2 felony to a class 3 felony. Additionally, the value of the stolen property was changed from $25,000 to $4,000. The issue was discussed in open court and Christian did not object to the amendment. Following trial, and based on prior criminal history, the superior court sentenced Christian to concurrent terms of three years' imprisonment. This timely appeal followed. This Court has jurisdiction under article 6, § 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

**DISCUSSION**

## I.    Alleged Duplicitous Charge

¶8        Christian argues her theft conviction resulted from a duplicitous charge, creating the hazard of a nonunanimous verdict. Specifically, she complains (1) the theft charge impermissibly "alleged two separate and distinct offenses: Theft occurring at the Clarke [house] and

Theft occurring at the [Apartment]"; and (2) "there is no way to know whether the $4,000 amount (and thus the status of the offense as a level 3 felony) included just the [Apartment], just the Clarke [house], or both."

**¶9**         Objections on duplicity grounds must be brought in the superior court or are forfeited. *State v. Urquidez*, 213 Ariz. 50, 51, ¶ 4 (App. 2006). Because Christian did not object on duplicity grounds in the superior court, she has forfeited review of her challenge for all but fundamental, prejudicial error.[3] To obtain relief on fundamental-error review, Christian carries the burden to prove trial error exists, the error is fundamental, and the error resulted in prejudice. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Christian has not met that burden.

**¶10**         A charge is duplicitous "[w]hen the text of an indictment refers only to one criminal act, but multiple alleged criminal acts are introduced to prove the charge." *State v. Klokic*, 219 Ariz. 241, 244, ¶ 12 (App. 2008). When confronted with a duplicitous charge, courts are "normally obliged to take one of two remedial measures to insure that the defendant receives a unanimous jury verdict: (1) require the state to elect which of the alleged acts constitutes the crime or (2) instruct the jury that they must unanimously agree on the act that constitutes the crime." *State v. West*, 238 Ariz. 482, 493, ¶ 33 (App. 2015) (quotation omitted). Courts need not undertake any remedial measures, however, if "the separate acts that the State intends to introduce into evidence are part of a single criminal transaction." *Id.* (quotation omitted). "[M]ultiple acts may be considered part of the same criminal transaction when the defendant offers essentially the same defense to each of the acts and there is no reasonable basis for the jury to distinguish between them." *Id.* (quotation omitted).

**¶11**         Here the indictment stated, "*On or between the 15th day of January and the 2nd day of February 2021, in the vicinity of [Apartment] and*

---

3         Citing *State v. Anderson*, 210 Ariz. 327, 336, ¶ 17 (2005), the State argues Christian's duplicity "claim should be forfeited entirely" because she did not challenge the indictment's sufficiency before trial. As the State acknowledges, however, our supreme court in *State v. Hargrave*, 225 Ariz. 1, 11, ¶ 28 (2010), (abrogated in part by *Cruz v. Arizona*, 143 S.Ct. 650 (2023)) later applied fundamental-error review to a duplicity argument raised for the first time on appeal. Because we find no error in this case, we assume without deciding that fundamental-error review is appropriate here. *See State v. Butler*, 230 Ariz. 465, 470, ¶ 15 (App. 2012) (noting that whether *Hargrave* governs all duplicitous-indictment issues is "questionable" but nonetheless reviewing the issue for fundamental error).

*[Clarke house]…Christian, committed theft of personal property…with a value of $4,000.00 or more….*" The evidence established that over several days, Christian removed items from the Apartment, transported those items to the Clarke house, then moved the items stolen from the Apartment along with items stolen from the Clarke house to her residence. Based on that evidence, the prosecutor argued in summation that the jury should find Clarke's criminal acts amounted to "a three-house puzzle," and "when you put the three houses together, when you put the puzzle together, the defendant clearly stole the items." Based on the trial evidence and the State's theory, the jury had no reasonable basis to distinguish the Apartment theft from the Clarke house theft. *West*, 238 Ariz. at 493, ¶ 33; *see State v. Ramsey*, 211 Ariz. 529, 534, ¶ 12 (App. 2005) (explaining a "continuing scheme or course of conduct may properly be alleged in a single count"); *see also State v. Helmer*, 203 Ariz. 309, 310–11, ¶ 8 (App. 2002) (noting continuous offenses "endure[ ] over a period of time, and [their] commission is ongoing until cessation of the proscribed conduct").

**¶12**        Furthermore, Christian does not assert she presented different defenses to the multiple acts; thus, she has waived any such claim. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted). Waiver aside, the record shows her defense to the charged acts was the same: that she had permission to be in both properties and had not stolen the recovered items. Therefore, because Christian's separate acts occurred during a single criminal episode, the superior court did not err in declining to *sua sponte* employ curative measures.

**¶13**        Nonetheless, Christian insists *State v. Davis*, 206 Ariz. 377 (2003), entitles her to relief. *Davis* is readily distinguishable because the alleged acts supporting it occurred eleven days apart, the events were not part of a single transaction, and the defendant offered different defenses to the two incidents. *Id.* at 389–91, ¶¶ 58, 65–66. Similar circumstances are absent here. Unlike in *Davis*, the State theorized that the events were part of a continuous criminal transaction and the jury was informed that the crime occurred "on or between January 15 and February 2." Further, Christian advanced a single defense to the incidents supporting the theft charge unlike the defendant in *Davis*. Accordingly, *Davis* provides no basis to disturb Christian's theft conviction.

## II.  Second-Degree Burglary Jury Instruction

¶14    Citing *State v. Altamirano*, 166 Ariz. 432 (App. 1990), and language contained in a comment to the Revised Arizona Jury Instructions ("RAJI") Statutory Criminal 15.07 (second-degree burglary) (5th ed. 2019), Christian asserts the superior court should have *sua sponte* instructed the jurors that a "person cannot burglarize his or her own residence." Because she did not object to the given instructions, our review is limited to fundamental, prejudicial error. *Escalante*, 245 Ariz. at 140, ¶ 12.

¶15    "With regard to jury instructions, fundamental error occurs when the trial judge fails to instruct upon matters vital to a proper consideration of the evidence." *State v. Edmisten*, 220 Ariz. 517, 522, ¶ 11 (App. 2009) (quotation omitted). "[R]arely will an improperly given instruction justify reversal of a criminal conviction when no objection has been made in the trial court." *State v. Gomez*, 211 Ariz. 494, 499, ¶ 20 (2005) (quotation omitted). Although parties are generally entitled to an instruction on any reasonably supported theory, courts need not give an instruction "when its substance is adequately covered by other instructions." *State v. Rodriguez*, 192 Ariz. 58, 61, ¶ 16 (1998) (citation omitted).

¶16    Christian has not shown error, fundamental or otherwise. The burglary instruction directly tracked the language of the second-degree burglary statute, informing the jurors that "[t]he crime of burglary in the second degree requires proof that the defendant: 1. [e]ntered or remained unlawfully in or on a residential structure; and 2. [d]id so with the intent to commit any theft or felony therein." *See* A.R.S. § 13-1507(A). The court further gave the statutory definition for "[e]nter or remain unlawfully":

> [A]n act of a person who enters or remains on premises when the person's intent for so entering or remaining is not licensed, authorized or otherwise privileged except when the entry is to commit theft of merchandise displayed for sale during normal business hours, when the premises are open to the public and when the person does not enter any unauthorized areas of the premises.

*See* A.R.S. § 13-1501(2).

¶17    Because the instructions mirrored the applicable statutes, they embodied the essential elements of the charged crime. *See, e.g.*, *State v. Rios*, 217 Ariz. 249, 251, ¶ 9 (App. 2007) (rejecting a challenge to given instructions when they tracked the governing statutes). Christian does not

argue otherwise or cite any authority supporting the proposition that a jury instruction replicating the associated statute inaccurately states the law. And insofar as Christian's claim is based on RAJI Statutory Criminal 15.07, "neither RAJI instructions nor their comments constitute binding authority." *State v. Reaves*, 252 Ariz. 553, 565, ¶ 33 (App. 2022).

**¶18**        *Altamirano* does not compel a different conclusion. As was recently explained in *Reaves*, *Altamirano* does not stand for the proposition that an accused "has an absolute and unlimited right to any dwelling [s]he merely considers to be h[er] legal residence, or h[er] 'own home.'" *Reaves*, 252 Ariz. at 565, ¶ 32. *Altamirano* merely carves out a narrow exception to the burglary statute's application that is not present here: one cannot burglarize a residence where one has an unconditional right of possession in the property. The State introduced evidence that Christian had no valid lease and thus no right whatsoever to be in the Clarke house. No evidence was provided to dispute that she did not have an "absolute and unconditional right to enter and remain." *Altamirano*, 166 Ariz. at 437. *Altamirano* does not support Christian's arguments.

### III.    Alleged Failure to Conduct a *Donald* Hearing

**¶19**        Christian contends the superior court's purported failure to conduct a *Donald* hearing rendered involuntary her decision to reject the State's plea offer and proceed to trial. Because *Donald* claims are predicated on an assessment of trial counsel's performance, they are not cognizable on direct appeal. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007) ("[A] defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review."). Therefore, this Court declines to address Christian's premature *Donald* claim.

### CONCLUSION

**¶20**        Christian's convictions and sentences are affirmed.